IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TIMOTHY R. DEGRATE, | ) | CIVIL NO. 18-00017 ACK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT PLAINTIFF'S MOTION FOR |
| vs. | ) | REMAND |
| | ) | |
| HAWAIIAN AIRLINES, INC., ET AL., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION FOR REMAND[1]

Before the Court is Plaintiff's Motion for Remand, filed February 9, 2018 ("Motion"). ECF No. 16. Defendant Hawaiian Airlines, Inc. filed its Opposition on February 28, 2018. ECF No. 21. Plaintiff filed his Reply on March 13, 2018. ECF No. 22. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 20. After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS and RECOMMENDS that the district court GRANT Plaintiff's Motion.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

BACKGROUND

On December 21, 2017, Plaintiff filed a complaint in the State of Hawaii Circuit Court of the First Circuit alleging a continuing pattern of racial harassment, discriminatory conduct, and retaliation, and various other state law claims, including assault and battery, negligent hiring and supervision, and intentional infliction of emotional distress ("State Court Complaint").  ECF No. 1-2.  Although the State Court Complaint does not expressly assert any claims under federal law, in the Prayer for Relief in the State Court Complaint, Plaintiff sought a permanent injunction prohibiting Defendants from violating Title VII of the Civil Rights Act of 1964 ("Title VII") and an award of attorney's fees under Title VII.  See ECF No. 1-2 ¶ B, H.

Later that same day, Plaintiff filed a complaint in federal court alleging the same state law claims as the State Court Complaint based on the same set of facts and also expressly alleging violations of Title VII ("Federal Court Complaint").  See Civil No. 17-00604, ECF No. 1.  Plaintiff has not served Defendant with the Federal Court Complaint, and the time to serve Defendant in that case expires on March 21, 2018.  See Fed. R. Civ. P. 4(m).

Defendant removed the State Court Complaint to this Court on January 12, 2018, asserting federal question

jurisdiction. ECF No. 1. On January 19, 2018, Defendant filed a motion to dismiss most of the claims asserted in the State Court Complaint for failure to state a claim. ECF No. 6. On January 26, 2018, Plaintiff filed a First Amended Complaint, which does not reference Title VII or any other federal statute. See ECF No. 12. The district court has deferred decision on Defendant's motion to dismiss. See ECF No. 13.

Plaintiff filed the present Motion on February 9, 2018, seeking remand and arguing that there is no federal question jurisdiction. ECF No. 16-1.

## DISCUSSION

A defendant who invokes the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011). Courts construe the removal statute strictly against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If there is any doubt as to the right of removal in the first instance, remand must be granted. See id. at 566.

Here, Defendant asserts that removal was proper based on federal question jurisdiction. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citations and internal

quotation marks omitted). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed. Jurisdiction is based on the complaint as originally filed and not as amended." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1045-46 (9th Cir. 2016) (citations omitted). Accordingly, for purposes of determining whether removal was appropriate, the Court will consider the State Court Complaint.

In the State Court Complaint, Plaintiff asserts the following causes of action: race discrimination in violation of Hawaii Revised Statutes Section 378-2; racial harassment in violation of Hawaii Revised Statutes Section 378-2; inadequate investigations of race discrimination and/or racial harassment in violation of Hawaii Revised Statutes Section 378-2; retaliation in violation of Hawaii Revised Statutes Section 378-2; aiding and abetting discrimination in violation of Hawaii Revised Statutes Section 378-2; assault and battery; negligent hiring, training, supervision, and retention; and intentional infliction of emotional distress. ECF No. 1-2 ¶¶ 111-158. These claims do not reference or rely on any federal law. The only reference to federal law is in Plaintiff's Prayer for Relief, which asks for "a permanent injunction prohibiting DEFENDANTS from further acts of race discrimination, racial harassment, retaliation, in violation of Title VII and [Hawaii's Fair Employment Practices

4

Act]." Id. ¶ B.  Additionally, the Prayer for Relief requests "reasonable attorney's fees and costs of suit herein as well as prejudgment and post judgment interest, as provided by 706(k) of Title VII, 42 U.S.C. § 2000e-6(k) and HRS § 368-17."  Id. ¶ H.

In Rains v. Criterion Systems, Inc., the Ninth Circuit similarly considered whether reference in the prayer for relief to federal law was sufficient to establish federal question jurisdiction.  80 F.3d 339, 343 n.3 (9th Cir. 1996).  The Ninth Circuit held that "we do not find the attorneys' fee and pre-judgment interest requests determinative.  It is the nature of the cause of action that is controlling."  Id.  Here, the nature of the causes of action asserted by Plaintiff in the State Court Complaint are all based on state law.  Plaintiff's reference to Title VII in his Prayer for Relief does not transform his state law claims into federal claims.

The Court rejects Defendant's argument that "Title VII is the stated basis for the discrimination-related claims."  See ECF No. 21 at 10.  Plaintiff's State Court Complaint does not rely on Title VII to support his claims for race discrimination.  The State Court Complaint expressly relies on Hawaii Revised Statutes Section 378-2 and makes no mention of Title VII, except for the Prayer for Relief.  See ECF No. 1-2.  Further, the Court rejects Defendant's argument that removal was proper simply because Plaintiff also filed a Federal Court Complaint based on

5

the same facts that expressly asserted claims under federal law. See ECF No. 21 at 8-9.  Contrary to Defendant's assertion, this is not an extraordinary occurrence.  Federal and state courts regularly consider parallel cases and "as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in a federal court."  See R.R. St. & Co. Inc. v. Transp. Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) (quoting Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 817 (1976) (internal quotation marks omitted)).  Accordingly, the Court finds that removal of the State Court Complaint was improper and this action should be remanded.

Alternatively, even if the Court were to find that the State Court Complaint was properly removed, the Court must next consider whether to retain jurisdiction in light of Plaintiff's First Amended Complaint.  As noted above, Plaintiff filed a First Amended Complaint that eliminated any mention of Title VII and did not assert any other federal claims.  See ECF No. 12.  In these circumstances, "the determination of whether to retain jurisdiction over these remaining state claims or remand them to state court is a discretionary one, and requires the court to consider the 'values' of judicial economy, comity, convenience, and fairness."  Loewe v. City of Honolulu, No. CIV. 10-00368, 2011 WL 322557, at *4 (D. Haw. Jan. 31, 2011) (citing

6

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 619 (1988)); see also Valmoja v. Akal Sec., Inc., No. CIV. 13-00343 LEK, 2013 WL 5376038, at *4-6 (D. Haw. Sept. 24, 2013).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon, 484 U.S. at 619 n.7.  Under the circumstances of this case, the factors weigh in favor of remand.

First, the consideration of judicial economy does not support retention of jurisdiction.  Defendant removed this action on January 12, 2018.  ECF No. 1.  Plaintiff filed his First Amended Complaint on January 26, 2018.  ECF No. 12.  Although Defendant has filed a Motion to Dismiss, the district court has deferred decision on that Motion.  ECF No. 13.  Accordingly, no significant federal resources have been expended in this case.  Second, issues of comity weigh in favor of remand.  Plaintiff's claims for violation of Hawaii Revised Statutes Section 378-2 for race discrimination, racial harassment, inadequate investigations of race discrimination and/or racial harassment, retaliation, and aiding and abetting discrimination, assault and battery, negligent hiring, training, supervision, and retention, and intentional infliction of emotional distress do not raise any federal policy concerns.  Plaintiff's claims based on violations of Hawaii statutory and common law can be properly adjudicated by

7

the Hawaii state court. Third, there is no indication in the record that it would be unfair to remand this action to state court. Finally, although the Court understands that Defendant would be inconvenienced by having to proceed in both state and federal court, this consideration is not sufficient to justify retaining jurisdiction in light of the other considerations discussed above. Accordingly, the Court concludes that even if Defendant properly removed this action, based on the factors discussed above, the Court recommends that the district court decline to exercise jurisdiction over the state law claims asserted in the First Amended Complaint.

## CONCLUSION

The Court finds that Defendant Hawaiian Airlines, Inc. improperly removed this action and recommends that the district court GRANT Plaintiff's Motion to Remand.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 14, 2018.

Richard L. Puglisi
United States Magistrate Judge

**DEGRATE V. HAWAIIAN AIRLINES, INC., ET AL., CIVIL NO. 18-00017 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND**